**STEPTOE & JOHNSON LLP**
Adam J. Kretz (SBN 293078)
633 West Fifth Street, Suite 1900
Los Angeles, CA  90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599
*akretz@steptoe.com*

**STEPTOE & JOHNSON LLP**
Sarah D. Gordon (*pro hac vice* forthcoming)
Johanna Dennehy (*pro hac vice* forthcoming)
1330 Connecticut Avenue NW
Washington, D.C.  20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
*sgordon@steptoe.com*
*jdennehy@steptoe.com*

*Attorneys for Plaintiff Maxum Indemnity Company*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, a Connecticut corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POLYMER80, INC., a Nevada corporation; DAVID L. BORGES, an individual; and LORAN L. KELLEY, JR., an individual,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Maxum Indemnity Company ("Maxum"), by and through the undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, relating to Maxum's obligations under certain insurance policies that it issued to Defendant Polymer80, Inc. ("Polymer80").

2. Polymer80, David L. Borges ("Borges"), and Loran L. Kelley, Jr. ("Kelley") (collectively, "Defendants") have been named as defendants in an action that was filed in the Superior Court of the State of California, in and for the County of Los Angeles, which is captioned *People of the State of California v. Polymer80, Inc., David Borges, and Loran Kelley*, Case No. 21 STCV06257 (the "Ghost Gun Action"). The Ghost Gun Action alleges, among other things, that Defendants sell ghost guns—firearm parts assembled by a purchaser into a firearm without a serial number—that are contributing to ghost gun-related violence and illegal activity in Los Angeles. The Ghost Gun Action asserts two causes of action: (1) violation of unfair competition law and (2) public nuisance.

3. Defendants have requested that Maxum defend and indemnify them for the Ghost Gun Action.

4. Maxum seeks relief from this Court in the form of declarations that it has no obligation to defend or indemnify any of the Defendants with respect to the Ghost Gun Action.

## PARTIES

5. Plaintiff Maxum is a Connecticut corporation with a principal place of business in Hartford, Connecticut.

6. On information and belief, Defendant Polymer80 is a Nevada corporation with a principal place of business in Dayton, Nevada.

7. On information and belief, Defendant Borges is a citizen of Texas and resides in Comal County, Texas.

1
COMPLAINT FOR DECLARATORY RELIEF

8. On information and belief, Defendant Kelley is a citizen of Nevada and resides in Lyon County, Nevada.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between Maxum and each of the Defendants and the amount in controversy exceeds $75,000, accounting for the terms and conditions of the Maxum Policies (defined below), the claims asserted in the Ghost Gun Action, and Defendants' demand for a defense and indemnification.

10. Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, this Court may determine the parties' rights and obligations under the Maxum Policies with respect to the Ghost Gun Action.

11. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim" occurred in the County of Los Angeles, where the Ghost Gun Action is pending and where at least some of the events giving rise to the Ghost Gun Action are alleged to have occurred.

## THE INSURANCE POLICIES

12. Maxum issued three insurance policies to Defendants during the period beginning on September 15, 2016 and ending on August 7, 2018 (collectively, the "Maxum Policies").

13. Maxum issued Commercial General Policy No. GLP-6029438-01 (the "2016-17 CGL Policy") for the policy period of September 15, 2016 to September 15, 2017. By endorsement, the 2016-17 CGL Policy was cancelled effective August 7, 2017. A true and correct copy of the 2016-17 CGL Policy (from which immaterial, confidential premium and rating information has been redacted) is attached hereto as **Exhibit A**.

14. Maxum issued Commercial General Policy No. GLP-6029438-02 (the "2017-18 CGL Policy," and, together with the 2016-17 CGL Policy, "the Primary

Policies") for the policy period of August 7, 2017 through August 7, 2018. A true and correct copy of the 2017-18 CGL Policy (from which immaterial, confidential premium and rating information has been redacted) is attached hereto as **Exhibit B**.

15. Maxum issued Commercial Excess Liability Policy No. EXC-6031532-01 (the "2017-18 Excess Policy") for the policy period of August 7, 2017 through August 7, 2018. A true and correct copy of the 2017-18 Excess Policy (from which immaterial, confidential premium and rating information has been redacted) is attached hereto as **Exhibit C**.

## THE GHOST GUN ACTION

16. On February 17, 2021, the Office of the Los Angeles City Attorney filed a complaint in the Ghost Gun Action ("Ghost Gun Complaint"). A true and correct copy of the Ghost Gun Complaint is attached hereto as **Exhibit D**.

17. The Ghost Gun Complaint alleges that the action was brought "to obtain an injunction and other remedies to stem the flow of ... untraceable 'ghost guns' manufactured from kits and components" sold by Defendants. *See* Ex. D, ¶ 4.

18. The Ghost Gun Complaint further alleges that, "[b]y selling kits and components that purchasers can quickly and easily assemble into ghost guns in violation of federal and California law, Defendants are engaging in unlawful business practices actionable under Business and Professions Code sections 17200 *et seq.*" *Id.* ¶ 15.

19. According to the Ghost Gun Complaint, "Defendants are also engaging in deceptive business practices through misleading advertising, and Polymer80's sale of unserialized firearm kits in violation of federal and California law constitutes unfair competition against licensed gun dealers in California who abide by the law." *Id.*

20. The Ghost Gun Complaint further alleges that "Polymer80 has created a public nuisance, resulting in a significant threat to the public right of health and safety in public spaces." *Id.* ¶ 16.

21. The Ghost Gun Complaint seeks injunctive relief, statutory penalties, the "[e]stablishment of a dedicated abatement fund to remediate a public nuisance," attorneys' fees and costs, and any other appropriate relief.

**DEFENDANTS' TENDER OF THE GHOST GUN ACTION TO MAXUM**

22. By letter dated March 18, 2021, Defendants demanded that Maxum provide for their defense in the Ghost Gun Action and indemnify them in the event that they are found liable in the Ghost Gun Action. Defendants characterized the claims asserted in the Ghost Gun Action as "falling within the ambit of Maxum's Products/Completed Operations and Personal and Advertising Injury coverages."

23. By letter dated July 20, 2021, Maxum denied coverage for the Ghost Gun Action because, among other reasons, the Ghost Gun Action does not seek damages because of bodily injury or property damage during the policy period caused by an occurrence, as required by the terms of the Primary Policies. Maxum further denied coverage for the Ghost Gun Action under the Primary Policies because, among other reasons, the Ghost Gun Action does not seek damages because of personal and advertising injury caused by an offense committed during the policy period. Maxum also denied coverage under the 2017-18 Excess Policy because, among other reasons, the claims in the Ghost Gun Action do not fall within the insuring agreement of the Excess Policy.

**SECTION 533.5 OF THE CALIFORNIA INSURANCE CODE**

24. Section 533.5 of the California Insurance Code provides as follows, in relevant part:

   a. No policy of insurance shall provide, or be construed to provide, any coverage or indemnity for the payment of any fine, penalty, or restitution in any criminal action or proceeding or in any action or proceeding brought pursuant to Chapter 5 (commencing with Section 17200) of Part 3 of, Division 7 of the Business and Professions Code by the Attorney General, any district attorney, any city prosecutor, or

    any county counsel, notwithstanding whether the exclusion or exception regarding this type of coverage or indemnity is expressly stated in the policy.

b. No policy of insurance shall provide, or be construed to provide, any duty to defend, as defined in subdivision (c), any claim in any criminal action or proceeding or in any action or proceeding brought pursuant to Chapter 5 (commencing with Section 17200) of Part 2 of, or Chapter 1 (commencing with Section 17500) of Part 3 of, Division 7 of the Business and Professions Code in which the recovery of a fine, penalty, or restitution is sought by the Attorney General, any district attorney, any city prosecutor, or any county counsel, notwithstanding whether the exclusion or exception regarding the duty to defend this type of claim is expressly stated in the policy.

c. For the purpose of this section, "duty to defend" means the insurer's right or obligation to investigate, contest, defend, control the defense of, compromise, settle, negotiate the compromise or settlement of, or indemnify for the cost of any aspect of defending any claim in any criminal action or proceeding or in any action or proceeding brought pursuant to Chapter 5 (commencing with Section 17200) of Part 2 of, or Chapter 1 (commencing with Section 17500) of Part 3 of, Division 7 of the Business and Professions Code in which the insured expects or contends that (1) the insurer is liable or is potentially liable to make any payment on behalf of the insured or (2) the insurer will provide a defense even though the insurer is precluded by law from indemnifying that claim.

d. Any provision in a policy of insurance which is in violation of subdivision (a) or (b) is contrary to public policy and void.

# COUNT I
# DECLARATORY JUDGMENT – DUTY TO DEFEND UNDER COVERAGE A OF THE PRIMARY POLICIES (BODILY INJURY AND PROPERTY DAMAGE LIABILITY)

(Against All Defendants)

25. Maxum repeats and realleges the allegations of Paragraph 1 through 24 as if fully set forth herein.

26. An actual and justiciable controversy exists between Maxum and Defendants concerning whether Maxum owes Defendants a duty to defend Defendants against the claims asserted against them in the Ghost Gun Action under the terms of Coverage A of the Primary Policies.

27. Pursuant to its authority under 28 U.S.C. § 2201, this Court should declare that Maxum owes no duty to defend Defendants under Coverage A of the Primary Policies with respect to the claims asserted in the Ghost Gun Action because (i) the claims do not fall within the Coverage A insuring agreements, (ii) exclusions in the Primary Policies may apply, and/or (iii) Section 533.5(b) of the California Insurance Code precludes Maxum from owing a duty to defend Defendants against the claims alleged in the Ghost Gun Action.

# COUNT II
# DECLARATORY JUDGMENT – DUTY TO INDEMNIFY UNDER COVERAGE A OF THE PRIMARY POLICIES (BODILY INJURY AND PROPERTY DAMAGE LIABILITY)

(Against All Defendants)

28. Maxum repeats and realleges the allegations of Paragraph 1 through 27 as if fully set forth herein.

29. An actual and justiciable controversy exists between Maxum and Defendants concerning whether Maxum owes Defendants a duty to indemnify

Defendants against the claims asserted against them in the Ghost Gun Action under the terms of Coverage A of the Primary Policies.

30. Pursuant to its authority under 28 U.S.C. § 2201, this Court should declare that Maxum owes no duty to indemnify Defendants under Coverage A of the Primary Policies with respect to the claims asserted in the Ghost Gun Action because (i) the claims do not fall within the Coverage A insuring agreements(ii) exclusions in the Primary Policies may apply, and/or (iii) Section 533.5(a) of the California Insurance Code precludes Maxum from owing a duty to indemnify Defendants with respect to the claims alleged in the Ghost Gun Action.

## COUNT III
## DECLARATORY JUDGMENT – DUTY TO DEFEND UNDER COVERAGE B OF THE PRIMARY POLICIES (PERSONAL AND ADVERTISING INJURY LIABILITY)

(Against All Defendants)

31. Maxum repeats and realleges the allegations of Paragraph 1 through 30 as if fully set forth herein.

32. An actual and justiciable controversy exists between Maxum and Defendants concerning whether Maxum owes Defendants a duty to defend Defendants against the claims asserted against them in the Ghost Gun Action under the terms of Coverage B of the Primary Policies.

33. Pursuant to its authority under 28 U.S.C. § 2201, this Court should declare that Maxum owes no duty to defend Defendants under Coverage B of the Primary Policies with respect to the claims asserted in the Ghost Gun Action because (i) the claims do not fall within the Coverage B insuring agreements, (ii) coverage is excluded by the exclusions for unfair competition and/or other exclusions, and/or (iii) Section 533.5(b) of the California Insurance Code precludes Maxum from owing a duty to defend Defendants the claims alleged in the Ghost Gun Action.

# COUNT IV
## DECLARATORY JUDGMENT – DUTY TO INDEMNIFY UNDER COVERAGE B OF THE PRIMARY POLICIES (PERSONAL AND ADVERTISING INJURY LIABILITY)

(Against All Defendants)

34. Maxum repeats and realleges the allegations of Paragraph 1 through 33 as if fully set forth herein.

35. An actual and justiciable controversy exists between Maxum and Defendants concerning whether Maxum owes Defendants a duty to indemnify Defendants against the claims asserted against them in the Ghost Gun Action under the terms of Coverage B of the Primary Policies.

36. Pursuant to its authority under 28 U.S.C. § 2201, this Court should declare that Maxum owes no duty to indemnify Defendants under Coverage B of the Primary Policies with respect to the claims asserted in the Ghost Gun Action because (i) the claims do not fall within the Coverage B insuring agreements, (ii) coverage is excluded by the exclusions for unfair competition and/or other exclusions, and/or (iii) Section 533.5(a) of the California Insurance Code precludes Maxum from owing a duty to indemnify Defendants with respect to the claims alleged in the Ghost Gun Action.

# COUNT V
## DECLARATORY JUDGMENT – DUTY TO DEFEND UNDER THE 2017-18 EXCESS POLICY

(Against All Defendants)

37. Maxum repeats and realleges the allegations of Paragraph 1 through 36 as if fully set forth herein.

38. An actual and justiciable controversy exists between Maxum and Defendants concerning whether Maxum owes Defendants a duty to defend

Defendants against the claims asserted against them in the Ghost Gun Action under the terms of the 2017-18 Excess Policy.

39. Pursuant to its authority under 28 U.S.C. § 2201, this Court should declare that Maxum has no duty to defend Defendants under the 2017-18 Excess Policy with respect to the claims asserted in the Ghost Gun Action because (i) the claims do not fall within the insuring agreement of the 2017-18 Excess Policy, (ii) the claims are excluded by the controlling underlying insurance, and/or (iii) Section 533.5(b) of the California Insurance Code precludes Maxum from owing a duty to defend Defendants against the claims alleged in the Ghost Gun Action.

## COUNT VI
## DECLARATORY JUDGMENT – DUTY TO INDEMNIFY
## UNDER THE 2017-18 EXCESS POLICY

(Against All Defendants)

40. Maxum repeats and realleges the allegations of Paragraph 1 through 39 as if fully set forth herein.

41. An actual and justiciable controversy exists between Maxum and Defendants concerning whether Maxum owes Defendants a duty to indemnify Defendants against the claims asserted against them in the Ghost Gun Action under the terms of the 2017-18 Excess Policy.

42. Pursuant to its authority under 28 U.S.C. § 2201, this Court should declare that Maxum has no duty to indemnify Defendants under the 2017-18 Excess Policy with respect to the claims asserted in the Ghost Gun Action because (i) the claims do not fall within the insuring agreement of the 2017-18 Excess Policy, (ii) the claims are excluded by the controlling underlying insurance, and/or (iii) Section 533.5(a) of the California Insurance Code precludes Maxum from owing a duty to indemnify Defendants with respect to the claims alleged in the Ghost Gun Action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maxum Indemnity Company respectfully prays that the Court:

a. Enter judgment for Maxum on all counts of this Complaint;

b. Declare that Maxum owes no duty to defend Defendants under Coverage A of the 2016-17 CGL Policy and 2017-18 CGL Policy with respect to the claims asserted in the Ghost Gun Action;

c. Declare that Maxum owes no duty to indemnify Defendants under Coverage A of the 2016-17 CGL Policy and 2017-18 CGL Policy with respect to the claims asserted in the Ghost Gun Action;

d. Declare that Maxum owes no duty to defend Defendants under Coverage B of the 2016-17 CGL Policy and 2017-18 CGL Policy with respect to the claims asserted in the Ghost Gun Action;

e. Declare that Maxum owes no duty to indemnify Defendants under Coverage B of the 2016-17 CGL Policy and 2017-18 CGL Policy with respect to the claims asserted in the Ghost Gun Action;

f. Declare that Maxum owes no duty to defend Defendants under the 2017-18 Excess Policy with respect to the claims asserted in the Ghost Gun Action;

g. Declare that Maxum owes no duty to indemnify Defendants under the 2017-18 Excess Policy with respect to the claims asserted in the Ghost Gun Action; and

h. Award such other relief to the Plaintiff as the Court deems proper and just.

Dated:  July 20, 2021

Respectfully submitted,

 */s/  Adam J. Kretz*
**STEPTOE & JOHNSON LLP**
Adam J. Kretz (SBN 293078)

Sarah D. Gordon (*pro hac vice* forthcoming)
Johanna Dennehy (*pro hac vice* forthcoming)

*Attorneys for Plaintiff Maxum Indemnity Company*