GERMAIN D. LABAT (SBN 203907)
germain.labat@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310.880.4520
Facsimile: 954.771.9264

JAMES J. McGUIRE (New York SBN 2106664)
*(Pro Hac Vice)*
james.mcguire@gmlaw.com
MICHAEL MARRON (New York SBN 5146352)
*(Pro Hac Vice Application Forthcoming)*
michael.marron@gmlaw.com
**GREENSPOON MARDER LLP**
590 Madison Avenue, Suite 1800
New York, NY, 10022
Telephone: (212) 501-7673
Facsimile: (212) 524-5050

Counsel to defendants
Polymer80, Inc., David L. Borges and
Loran L. Kelley, Jr.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>POLYMER80, INC., a Nevada corporation; DAVID L. BORGES, an individual; and LORAN L. KELLEY, JR., an individual<br><br>Defendants. | Case No.: 2:21-cv-05852-FLA-GJS<br><br>Judge Fernando L. Aenlle-Rocha<br><br>**DEFENDANTS' AMENDED ANSWER TO COMPLAINT FOR DECLARATORY RELIEF**<br><br>Complaint Filed: July 20, 2021<br>Trial Date: None Set |

Defendants Polymer80, Inc. ("Polymer80"), David L. Borges, and Loran L. Kelley, Jr., by and through undersigned counsel, hereby respond to and provide an amended answer to the Complaint For Declaratory Relief of plaintiff Maxum Indemnity Company ("Maxum").

## INTRODUCTION

1. Defendants admit that plaintiff purports to bring this action pursuant to 28 U.S.C. § 2201 related to certain insurance policies. Except as expressly admitted, defendants deny the remaining allegations of Paragraph 1.

2. Defendants admit that they have been named as defendants in this action ("LA City Action"), and that the Complaint herein asserts two causes of action. To the extent that plaintiff references the Complaint in the LA City Action, defendants respectfully refer the Court to the Complaint for the complete and accurate contents of that document. In addition, Paragraph 2 contains legal conclusions and arguments to which no response is required. Except as expressly admitted, defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit that they demanded defense and indemnification from plaintiff in connection with the LA City Action. Except as expressly admitted, defendants deny the remaining allegations of Paragraph 3.

4. Defendants admit that plaintiff purports to seek Declarations from the Court. In addition, Paragraph 4 contains legal conclusions and arguments to which no response is required. Except as expressly admitted, defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore deny each and every allegation therein.

## PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore deny each and every allegation therein.

6. Defendants admit that Polymer80 is a Nevada corporation with a principal place of business in Dayton, Nevada.

7. Defendants admit that Mr. Borges is a citizen of Texas and resides in Comal County, Texas.

8. Defendants admit that Mr. Kelley is a citizen of Nevada and resides in Lyon County, Nevada.

## JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions and arguments to which no response is required. To the extent a response is required, defendants deny the allegations of Paragraph 9.

10. Paragraph 10 contains legal conclusions and arguments to which no response is required. To the extent a response is required, defendants deny the allegations of Paragraph 10.

11. Paragraph 11 contains legal conclusions and arguments to which no response is required. To the extent a response is required, defendants deny the allegations of Paragraph 11.

## THE INSURANCE POLICIES

12. Defendants admit that plaintiff issued insurance policies and respectfully refer the Court to the Maxum Policies for the complete and accurate contents of those documents. To the extent a further response is required, except as expressly admitted, defendants deny the remaining allegations of Paragraph 12.

13. Defendants respectfully refer the Court to the Maxum Policies for the complete and accurate contents of those documents. To the extent a further response is required, defendants deny the allegations of Paragraph 13.

14. Defendants respectfully refer the Court to the Maxum Policies for the complete and accurate contents of those documents. To the extent a further response is required, defendants deny the allegations of Paragraph 14.

15. Defendants respectfully refer the Court to the Maxum Policies for the complete and accurate contents of those documents. To the extent a further response is required, defendants deny the allegations of Paragraph 15.

## THE GHOST GUN ACTION

16. Defendants respectfully refer the Court to the Complaint in the LA City Action for the complete and accurate contents of that document. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore deny each and every allegation therein.

17. Defendants respectfully refer the Court to the Complaint in the LA City Action for the complete and accurate contents of that document. To the extent a further response is required, defendants deny the allegations of Paragraph 17.

18. Defendants respectfully refer the Court to the Complaint in the LA City Action for the complete and accurate contents of that document. To the extent a further response is required, defendants deny the allegations of Paragraph 18.

19. Defendants respectfully refer the Court to the Complaint in the LA City Action for the complete and accurate contents of that document. To the extent a further response is required, defendants deny the allegations of Paragraph 19.

20. Defendants respectfully refer the Court to the Complaint in the LA City Action for the complete and accurate contents of that document. To the extent a further response is required, defendants deny the allegations of Paragraph 20.

21. Defendants respectfully refer the Court to the Complaint in the LA City Action for the complete and accurate contents of that document. To the extent a further response is required, defendants deny the allegations of Paragraph 21.

**DEFENDANTS' TENDER OF THE GHOST GUN ACTION TO MAXUM**

22. Defendants admit that they demanded defense and indemnification from plaintiff in connection with the LA City Action. Defendants respectfully refer the Court to the letter, dated March 18, 2021, for the complete and accurate contents of

that document. Except as expressly admitted, defendants deny the remaining allegations of Paragraph 22.

23.  Defendants respectfully refer the Court to the letter, dated July 20, 2021, for the complete and accurate contents of that document. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore deny each and every allegation therein.

### SECTION 533.5 OF THE CALIFORNIA INSURANCE CODE

24.  Paragraph 24 contains legal conclusions and arguments to which no response is required. In addition, because Paragraph 24 contains no factual allegations, no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 24.

### COUNT I

### DECLARATORY JUDGMENT – DUTY TO DEFEND UNDER COVERAGE A OF THE PRIMARY POLICIES (BODILY INJURY AND PROPERTY DAMAGE LIABILITY)

(Against All Defendants)

25.  Defendants repeat and reallege their responses to Paragraphs 1 through 24 as if fully set forth herein. In addition, because Paragraph 25 contains no factual allegations, no response is required.

26. Paragraph 26 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 26.

27. Paragraph 27 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 27.

## COUNT II

## DECLARATORY JUDGMENT – DUTY TO INDEMNIFY UNDER COVERAGE A OF THE PRIMARY POLICIES (BODILY INJURY AND PROPERTY DAMAGE LIABILITY)

(Against All Defendants)

28. Defendants repeat and reallege their responses to Paragraphs 1 through 27 as if fully set forth herein. In addition, because Paragraph 28 contains no factual allegations, no response is required.

29. Paragraph 29 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 29.

30. Paragraph 30 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 30.

# COUNT III

# DECLARATORY JUDGMENT – DUTY TO DEFEND UNDER COVERAGE B OF THE PRIMARY POLICIES (PERSONAL AND ADVERTISING INJURY LIABILITY)

(Against All Defendants)

31. Defendants repeat and reallege their responses to Paragraphs 1 through 30 as if fully set forth herein. In addition, because Paragraph 31 contains no factual allegations, no response is required.

32. Paragraph 32 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 32.

33. Paragraph 33 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 33.

# COUNT IV

## DECLARATORY JUDGMENT – DUTY TO INDEMNIFY UNDER COVERAGE B OF THE PRIMARY POLICIES (PERSONAL AND ADVERTISING INJURY LIABILITY)

(Against All Defendants)

34. Defendants repeat and reallege their responses to Paragraphs 1 through 33 as if fully set forth herein. In addition, because Paragraph 34 contains no factual allegations, no response is required.

35. Paragraph 35 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 35.

36. Paragraph 36 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 36.

# COUNT V

## DECLARATORY JUDGMENT – DUTY TO DEFEND UNDER THE 2017-18 EXCESS POLICY

(Against All Defendants)

37. Defendants repeat and reallege their responses to Paragraphs 1 through 36 as if fully set forth herein. In addition, because Paragraph 37 contains no factual allegations, no response is required.

38. Paragraph 38 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 38.

39. Paragraph 39 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 39.

## COUNT VI

## DECLARATORY JUDGMENT – DUTY TO INDEMNIFY

## UNDER THE 2017-18 EXCESS POLICY

(Against All Defendants)

40. Defendants repeat and reallege their responses to Paragraphs 1 through 39 as if fully set forth herein. In addition, because Paragraph 40 contains no factual allegations, no response is required.

41. Paragraph 41 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 41.

42. Paragraph 42 contains legal conclusions and arguments to which no response is required. To the extent a further response is required, defendants deny the allegations of Paragraph 42.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any relief against them and request that the Court dismiss all claims against them with prejudice and issue such other and further relief to them as the Court deems just and proper.

## DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of plaintiff's claims, defendants assert the following affirmative and other defenses.

## FIRST DEFENSE

Defendants allege that the Complaint in this action fails to state facts sufficient to state a cause of action or claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of plaintiff's claims and causes of action are premature and not ripe for adjudication. Most notably, the pleadings, discovery requests, and statements by counsel to plaintiff in the LA City Action demonstrate that plaintiff in that action seeks a purported "abatement fund" that, in actuality, consists of damages and renders insurance coverage applicable here. Accordingly, defendants face the "the risk of inconsistent factual determinations that could prejudice the insured" and "a stay of the declaratory relief action pending resolution of the third party suit is appropriate." *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 301 (1993).

### THIRD DEFENSE

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional and as yet unstated defenses. Defendants reserve the right to assert any additional defenses not herein listed as may be discovered during the conduct of this litigation.

### PRAYER FOR RELIEF

Defendants pray for Judgment as follows:

1. That the Complaint in this action shall be denied;

2. That plaintiff take nothing by way of its Complaint in this action;

3. That the Court enter judgment in defendants' favor on all claims and causes of action in the Complaint in this action;

4. For costs incurred in the defense of this action; and

5. For such other and further relief that the Court may deem just and proper.

Dated: November 23, 2021.

Greenspoon Marder LLP

By: _____
GERMAIN D. LABAT, ESQ.
Attorneys to defendants
Polymer80, Inc., David L. Borges,
and Loran L. Kelley, Jr.

# CERTIFICATE OF SERVICE

I certify that on November 23, 2021, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system.

Dated this 23rd day of November, 2021.

                                        Greenspoon Marder LLP

By: _____
      GERMAIN D. LABAT, ESQ.

DEFENDANTS' AMENDED ANSWER TO COMPLAINT FOR DECLARATORY RELIEF